Opinion filed December 20, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 20,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00133-CR

                                                    __________

 

                               GREGORY
WESTBROOKS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 252nd District Court

 

                                                       Jefferson
County, Texas

 

                                                    Trial
Court Cause No. 84528

 



 

                                                                   O
P I N I O N








This
is an appeal from a judgment adjudicating guilt.  Gregory Westbrooks originally
waived trial by jury and entered a plea of guilty to the offense of indecency
by exposure with a child.  Pursuant to the plea bargain agreement, the trial
court deferred the adjudication of appellant=s
guilt and placed him on community supervision for four years.  At the hearing
on the State=s motion
to adjudicate, appellant entered pleas of true to the State=s allegations.  The trial
court found that appellant had violated the terms and conditions of his
community supervision, revoked his community supervision, adjudicated his
guilt, and assessed his punishment at confinement for ten years.  We affirm.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has
provided appellant with a copy of the brief and advised appellant of his right
to review the record and file a response to counsel=s brief.  A response has been filed.
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Eaden v. State, 161
S.W.3d 173 (Tex. App.CEastland
2005, no pet.).








In
his response, appellant contends that the indictment was illegally amended,
that the indictment was void on its face, that the trial court lacked
subject-matter jurisdiction, that he suffered Adeliberate
depravating [sic] indifference by nonfeasance of office@ when the Atrial
court did not issue@
the reporter=s record,
that the trial court abused its discretion and Aturned
a blind eye@ in
sentencing him to confinement for ten years, that he was denied his due process
rights because he did not have a jury trial, and that he has been denied
effective assistance of counsel.   We note that the hearing on the State=s motion to adjudicate was
conducted prior to the June 15, 2007 effective date of the amendment to Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007)
allowing an appeal from the determination to adjudicate.  Therefore, former Tex. Code Crim. Proc. art. 42.12, ' 5(b) (1999) and its
prohibition concerning appeals from the determination to proceed with the
adjudication of guilt apply.[1] Davis v.
State, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006); Hargesheimer v. State,
182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d
829, 831 (Tex. Crim. App. 2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim.
App. 1992).  All of appellant=s
contentions as they relate to proceedings before the adjudication of guilt and
to the actual decision to adjudicate guilt are not properly before this court
and are dismissed for want of jurisdiction.  To the extent that appellant=s arguments challenged
actions subsequent to the adjudication of guilt, each is overruled.  Nothing in
the record supports appellant=s
contentions that he has been afforded ineffective assistance of counsel at any
level.  In fact, the clerk=s
record and the multiple volumes of the reporter=s
record support the conclusion that all counsel has provided reasonably
effective assistance of counsel.  Wiggins v. Smith, 539 U.S. 510, 520
(2003); Strickland v. Washington, 466 U.S. 668, 690 (1984); Andrews
v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); Hernandez v. State,
988 S.W.2d 770 (Tex. Crim. App. 1999).  The trial court assessed punishment
within the range authorized by the legislature under Tex. Penal Code Ann. ''
12.34 and 21.11(a)(2) (Vernon 2003). A penalty assessed within the range of punishment established by the
legislature will not be disturbed on appeal. Jackson v. State, 680
S.W.2d 809 (Tex. Crim. App. 1984); Bradfield v. State, 42 S.W.3d
350, 354 (Tex. App.CEastland
2001, pet. ref=d.).

All of
appellant=s contentions and issues have been
considered.  Each is either dismissed for want of jurisdiction or is overruled.

Following the
procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The motion to
withdraw is granted, and the judgment of the trial court is affirmed.

 

PER
CURIAM

December 20,
2007

Do not
publish.  See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Former Article 42.12, section 5(b)
provided:

On violation of a condition of
community supervision imposed under Subsection (a) of this section, the
defendant may be arrested and detained as provided in Section 21 of this
article. The defendant is entitled to a hearing limited to the determination by
the court of whether it proceeds with an adjudication of guilt on the original
charge. No appeal may be taken from this determination (emphasis added).